

1  Darren Chaker
2  8549 Wilshire Blvd
   Unit #3169
3  Beverly Hills, CA 90211
   DarrenChaker@Gmail.com
4  Self-Represented

5

# UNITED STATES DISTRICT COURT

6

## DISTRICT OF NEVADA

7

8  DARREN CHAKER,                    Case No.: 2:22-cv-00348-JAD-EJY
9                                     [Fmr. Case No. 2:2007ms00067]
   Plaintiff,
10                                    **NOTICE OF OBJECTION TO
   v.                                 MAGISTRATE JUDGE**
11
   FELIPA R. RICHLAND, et. al.,      **[CONDITIONALLY FILED UNDER
12                                    SEAL]**
   Defendants.
13

14

15

16

17        COMES NOW PLAINTIFF and files this Notice of Objection to

18  Magistrate Judge.

19  **I.    THE MAGISTRATE COURT HAS PUBLISHED SEALED
           MATERIAL WHICH ENDANGERS PLAINTIFF'S LIFE.**
20

21        The magistrate judge in the instant case is the same magistrate

22  judge in *Chaker-Delnero  v. Nevada Federal Credit Union*, Case No.

23  2:06-cv-00008-JAD-EJY.   In that case it was recently discovered

24  multiple items within the record which should not be a public record are a

25  public.   Specifically, two different Application's to File Under Seal which

26  references to several sealed records are public records. (Docket 32 & 35).

27  Plaintiff's new address was submitted to the court under seal but appears in

28  the record. (Docket 42)

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 1**

The magistrate judge also makes a nexus of being in an address confidentiality program and Plaintiff's name in its court order, a public record.

The fact Plaintiff is a member of a victim address confidentiality program is confidential as well. *See* Cal. Gov. Code, § 6206.4. By publicizing the fact what Government program provides him safety also places him at risk since the counter-measures employed under the program provide detailed information on what services are offered. Thus, a blue print is provided to a potential assailant of what not to look for, information protected under the statute, and what to look for – information not protected under the statute. Plaintiff solicited this honorable court to protect his information and preserve sealed records under seal, not to quantify the jeopardy he faces and broadcast sealed records on the internet.

It is presumed Plaintiff is in danger when conduct of the magistrate judge has illuminated sealed records and other information which may provide information about his "location and activities." Specifically, California Government Code § 6209.7, amended September 28, 2022 protects participants in a broader sense than before. California Government Code Section 6209.7 (b) (1) reads: The fact that a participant is registered with the program shall create a rebuttable **presumption that disclosure of information about the participant's location and activities** during the period of the registration, including, but not limited to, the participant's current and past residential, work, or school addresses and other location information, would lead to the discovery of the participant's actual residential address or physical location, **would endanger the safety of the participant, and is not authorized**.

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 2**

1    Even though state law does not dictate what a federal court should do,

2  federal courts have looked to state law for guidance in recognizing new or

3  existing privileges. *Jaffee v. Redmond*, 518 U.S. 1, 12-13, 135 L.Ed.2d 337

4  (1996); see *Folb v. Motion Picture Industry Pension & Health Plans*, 16 F.

5  Supp.2d 1164, 1170, fn.6 and 1178-1179 (N.D. Cal. 1998) [federal courts

6  should look at state legislature and judicial decisions adopting a privilege as

7  an important indicator of both reason and experience]. State rules of privilege

8  provide persuasive weight. Fed. R. Evid. 501; *Lewis v. United States*, (517 F.

9  2d 236 (9th Cir. 1975).

10    By law, Plaintiff is afforded a **legal presumption of endangerment**

11  merely by virtue of my enrollment in the Safe at Home program. California

12  Government Code Section 6209.7 (b)(1), which affords me heightened privacy

13  and safety protections, reads:

> The fact that a participant is registered with the program
> shall create a rebuttable presumption that disclosure of
> information about the participant's location and activities
> during the period of the registration, including, but not
> limited to, the **participant's current and past
> residential**, work, or school addresses and **other
> location information**, would lead to the discovery of the
> participant's actual residential address or physical location,
> would endanger the safety of the participant, and is not
> authorized.

    This statute goes on to explain the reasoning underlying the Act's

expansive protections, namely that "disclosure of information about the

participant's <u>location and activities</u> ... would endanger the safety of the

participant, and is not authorized." *Id.*

    Thus, not only did the magistrate court deny Plaintiff underlying

motion, it has multiplied the presumptive danger to Plaintiff by publishing

sealed records, address information, and the fact he is in Safe at Home. As

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 3**

such, Plaintiff has, "a reasonable fear for [his] safety" and for the safety of those who are close to me, including [all] those associated with [my current and prior home addresses]." See, e.g., Gov't Code § 6208.1 et seq.

A federal court's prior interpretation of California law is only binding in the <u>absence</u> of any subsequent indication from the California courts that the interpretation was incorrect. *Munson v. Del Taco, Inc.*, 522 F.3d 997 (9th Cir. 2008), certified question answered, 46 Cal. 4th 661, 208 P.3d 623 (2009). Plaintiff's presumptive endangerment is contained in the record and highlighted by a few of the twenty decisions granting relief to Plaintiff.

*In Doe v. Univ. Acct. Serv., LLC*, No. 09-CV-01563-BAS-JLB, 2022 WL 623913, at *1 (S.D. Cal. Mar. 3, 2022), the held in part,

> Plaintiff has provided proof of his acceptance into the Safe at Home Program and submits a declaration that explains his reason for participating in the program. (Pl.'s Decl., ECF No. 12 at 22.) Plaintiff was subpoenaed in 2010 as a witness in a criminal case. (*Id.* ¶ 6; Ex. FF.) According to Plaintiff's declaration, on the day of the crime, he heard screams for help coming from the building across from his residence. (*Id.* ¶ 6.) On his way to the building, he flagged down a passing police car, and entered the building through a fire escape door together with the police officer. (*Id.*) Plaintiff found himself in a crime scene, where a male suspect was approaching another person covered in blood. (*Id.*) The police officer arrested the male suspect for murder. (*Id.*) On his video device, **Plaintiff recorded the male suspect stating he killed the victim**. (*Id.*) Plaintiff has received numerous death threats since that incident, which he believes are due to his cooperation in the investigation and videotaping of the male suspect's statements. (*Id.* ¶ 7.) These threats include text messages Plaintiff received from an unknown number, **featuring images of headless men**. (*Id.* ¶ 8; Ex. GG.) Plaintiff also provides evidence that an unknown man in a trench coat attempted to enter his home. (*Id.* ¶ 9; Ex. HH.) (emphasis added)

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 4**

Here, Plaintiff has shown that he witnessed a violent crime and received threats to his personal safety, which led him to participate in the Safe at Home Program. As the Ninth Circuit instructs, Plaintiff does not need to prove that the threats will be carried out as long as he can show that a reasonable person would believe so. *Advanced Textile*, 214 F.3d at 1071. **Based on the nature of the threats he received, the Court finds that Plaintiff reasonably believes that he is in danger.** Plaintiff has thus established that anonymity is "necessary ... to protect [him] from harassment or injury." Doe, 655 F.2d at 922 n.1.... Accordingly, the Court grants the request to redact and replace Plaintiff's name in the record."

In *Doe v. Bank One Corporation* 1:06-cv-02932 (1/31/22), the Honorable Judge Franklin U. Valderrama, United States District Court, Northern District of Illinois, Eastern Division, found,

Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the Safe at Home Program) which allows crime victims to keep their names and identifying information confidential. Id. at 1, 3–4. In support, Plaintiff has attached proof of his participation in the Safe at Home Program, a letter confirming his California Department of Motor Vehicles (DMV) records have been suppressed due to being a participant in the program, and a photograph demonstrating the ongoing threats of physical violence he has received...replace Plaintiff's name with "John Doe." Here too, the Court finds that **Plaintiff has demonstrated that he is in real danger of physical harm if the Court denies his request to change his name on the case caption and redact his personally identifying information**, specifically his address and his email address. Plaintiff has provided evidence of his participation in the Safe at Home Program, of a threat, and of his connection with a criminal event....Court Record (R. [50]) in part and denies it in part. The clerk is directed to replace all references to Plaintiff's name with "John Doe" on the docket.

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 5**

Additionally, the clerk is directed to seal R. [47], as it includes Plaintiff's address."

In *Doe v. American Recovery Services*, Inc. No. 1:07-cv-04593, the Honorable Charles P. Kocoras, United States District Court, Northern District of Illinois, Eastern Division, stated (Exhibit J), "The Clerk is ordered to change Plaintiff's name to "John Doe."

On September 8, 2021, the Honorable James C. Mahan issued a sealed order sealing *Doe v. Clark County Collection Services*, 2:06-cv-00123-JCM-BNW. The Court found in part in its sealed order,

> Plaintiff entered a confidentiality program to protect his identity from persons who threatened him with death. (ECF No. 15). Plaintiff cites several methods those who intend to cause him harm use to mine data from public records.
> Where partially sealing and redacting the record risks a latent identifying factor in an unsealed filing that could lead to plaintiff's discovery, sealing the entire record nullifies that risk. Thus, an order sealing the entire record is narrowly tailored to serve the compelling reason of maintaining plaintiff's safety.
>
> Thus, plaintiff's need to avoid discovery by those sending the death threats is a compelling reason to seal this matter... and the same hereby is, GRANTED.

Given the above findings from multiple courts and the additional orders filed as exhibits in his motion before the magistrate judge, Plaintiff believes the need to grant this motion in full is pressing. Not only his name remains in the public record, but records which should not disclose his current address nor the fact he is in Safe at Home are also public. As are records which should have been filed under seal remain public.

Additionally, at page 3, Line 27, of the magistrate judge's order is its disbelief the court orders submitted to the court did in fact relate other courts sealing and/or redacting records. The court stated, "Plaintiff's name

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 6**

does not appear in all of these orders." First, Plaintiff attested under penalty of perjury the orders related to him. The magistrate court could had also contacted the Clerk of the Court for various districts and inquired if the John Doe was the Plaintiff. Respectfully, the inquiry could had been made with the Clerk for the Nevada District.[1] To dissolve this disbelief Plaintiff attaches the dockets for a few of the sealed cases showing his name prior to redaction.[2]

Additionally, also at page 3 of the order, Lines 22-27, the magistrate judge provides a road map of all cases Plaintiff has sealed. Providing geographical information of the locations of sealed cases and attaching Plaintiff's name to that geographical area can only further jeopardize his safety.

The magistrate judge in the instant case, issued an order indicating it did not see merit in Plaintiff's motion to seal since the case was old. The court's wisdom in its order fails to cite any law in support of its conclusion.

Plaintiff attaches several orders for cases far older than the case before the court. For example, Exhibit A of the **attached Motion to Seal Records** (3.28/23), was issued by Sen. District Court Judge Jeffrey T. Miller of the Southern District of California for a case filed in **1998**. Similarly, former Chief District Court Judge Barry Ted Moskowitz of the same district issued Exhibit B in 2021 for a case filed in **1999**.

Likewise, in the last two years additional courts issued orders for cases older than the one before this honorable court. Specifically, Exhibits C, D, E,

---

[1] *See Doe v. Collectco, Inc.*, No. 206CV00244JCMDJA, 2021 WL 3199210, at *3 (D. Nev. July 27, 2021) [redaction]; *Doe v. Clark County Collection Services* 2:06-cv-00123-JCM-BNW [sealing entire case].

[2] Exhibits A-F shows the unredacted docket and subsequent court order redacting or sealing the case. Plaintiff provided the magistrate judge with almost two dozen orders granting redaction or completely sealing the underlying case.

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 7**

& F attached to the Motion to Seal Records filed concurrently with this motion also dealt with cases older than the instant case before this court and are from 2006. Exhibit G is an order issued by District Court Judge Cynthia Bashant of the Southern District of California for a 2009 case. Exhibit H is a 2007 case. Exhibits I (2009), J (2010), K (2000) are orders issued by the Ninth Circuit also granting full redaction of plaintiff's information and changing his name to John Doe.

Similarly, Exhibit G is an order issued by District Court Judge Marilyn L. Huff for a 2005 case involving the same party, Felipa Richland, as the instant case.[3]

None of the courts discarded Plaintiff's motion or pondered why a motion which clearly spells out legitimate reasons to seal or redact records in an antiquated case. It is possible the reason is that a threat does not cease and must be taken seriously. *See* Exhibit T (retroactive effect of law).

With the above in mind, the magistrate court's rational for denying plaintiff's motion is divorced from reality. Further publishing protected information is malicious. This has forced Plaintiff to file a judicial complaint with the Ninth Circuit concerning the magistrate judge's conduct.

## II. THE MAGISTRATE JUDGE'S DECISION TO ALTER THE RECORD AND DENIED HIM HIS RIGHT TO FILE OBJECTIONS TO A MAGISTRATE JUDGE'S ORDER.

The May 3, 2022 order issued by the magistrate judge in this case found the motion to seal records did not have "no relationship: to the case before it. The fact Plaintiff's name and other identifying information are public record creates the relationship. First, Section 367.3 defines that as "identifying characteristics" that must be redacted.   (Civ. Proc. Code, §

---

[3] It should be noted this motion does not prejudice Defendant Richland since subsequent to losing an appeal on anti-SLAPP basis (*Nathan Enterprises Corp. v. Chaker*, 2010 Cal. App. Unpub. LEXIS 7604) she agreed to waive the judgement filed in this case. See Exhibit I.

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 8**

367.3, subd. (a)(1) [identifying characteristics include the protected person's "address or any part thereof," "city or unincorporated area of residence," and other "contact information," emphasis added].)    Allowing the caption to remain the same allows a third party to view where a lawsuit was filed.

As the legislative history puts it, **"once 'the participant's name appears on a court index and the Internet, their physical locale is known.** Court records are a common tracking source for abusers.'"    (Sen. Com. On Judiciary, Analysis of Assem. Bill No. 800 (2019-2020 Reg. Sess.) July 23, 2019 p. 5.)[4]  Those who would do harm to or harass the protected person need only show up at a hearing or at trial to locate the protected person and then trail them back home.    That is precisely what the Legislature sought to prevent when it protected certain **types of crime victims and reproductive health professionals.**

The magistrate court insulated itself from review of the District Court by discarding the motion before and the in excess of eighty pages of exhibits. Denying a motion is one thing, but altering the record to ensure review is impossible is highly improper especially given the safety risks to Plaintiff.

Further, the same magistrate judge is assigned to *Chaker-Delnero v. Nevada Federal Credit Union*, Case No. 2:06-cv-00008-JAD-EJY and recently entered an order denying the fact an Objection to a Magistrate Judge's Order and follow-up Supplemental was filed in that case. See email to supervisory clerk Exhibit G and Exhibit J Delivery Confirmation by US Postal Service. Put simply, be it the US Marshalls who scan every piece of mail which comes into the court or the Clerk, there must be a log of incoming mail to determine where the objections disappeared to.

---

[4] All legislative history documents cited throughout this brief are available at https://leginfo.legislature.ca.gov/faces/billAnalysisClient.xhtml?bill_id=201920200AB800.

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 9**

## CONCLUSION

The handling of this case demonstrates and privacy lapses within the court personify many reasons why witnesses should not come forward: records which should not be disclosed are public, a court making unsubstantiated decisions, all of which endangers a person's life.

It is respectfully requested the magistrate judge assigned to this case does not hear this matter not to due legal errors, but clear violations of privacy which endanger Plaintiff. Those issues along with the fact Objections to a Magistrate Judge's Order were filed and now cannot be located are of further concern where now it appears the court record is being manipulated to further cheat Plaintiff of any review of the magistrate judge's order.

As such, Plaintiff requests the District Court assign a different magistrate to the case or hear the matter itself.

DATED: March 28, 2023                          Respectfully submitted,

_____
Darren Chaker
Plaintiff

**NOTICE OF OBJECTION TO MAGISTRATE JUDGE - 10**

COLE

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 6.3.3 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:06-cv-02932

Chaker v. Bank One Corporation et al
Assigned to: Honorable Franklin U. Valderrama
Cause: 15:1681 Fair Credit Reporting Act

Date Filed: 05/25/2006
Date Terminated: 08/14/2006
Jury Demand: Both
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**Darren Chaker**                          represented by  **Christopher V. Langone**
                                                           Langone Law
                                                           10 Williamsburg Court
                                                           Evanston, IL 60203
                                                           312-720-9191
                                                           Email: langonelaw@gmail.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

                                                           **Mark T. Lavery**
                                                           3033 N Clark St.
                                                           Chicago, IL 60657
                                                           312-792-9533
                                                           Email: laverylawyer@gmail.com
                                                           *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Bank One Corporation**                   represented by  **Dabeer M. Roshanali**
                                                           JPMorgan Chase
                                                           One Bank One Plaza
                                                           Suite 286
                                                           Chicago, IL 60670-0292
                                                           (312) 732-6232
                                                           Email: dabeer.m.roshanali@jpmchase.com
                                                           *LEAD ATTORNEY*
                                                           *ATTORNEY TO BE NOTICED*

**Defendant**

**Equifax Information Services, LLC**      represented by  **Erin Kelly McAllister**
                                                           Enova International, Inc.
                                                           175 W. Jackson Blvd.
                                                           Suite 1000
                                                           Chicago, IL 60601           Exhibit A
                                                           (312)648-6830
                                                           Email: emcallister@enova.com
                                                           *ATTORNEY TO BE NOTICED*

1

**Defendant**

**Trans Union, LLC**                         represented by    **Albert Edward Hartmann**
                                                               Reed Smith, LLP
                                                               10 South Wacker Drive
                                                               Chicago, IL 60606
                                                               (312) 207-2821
                                                               Email: ahartmann@reedsmith.com
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Chad Jay Shifrin**
                                                               DLA Piper LLP (US)
                                                               444 W. Lake Street
                                                               Suite 900
                                                               Chicago, IL 60606-0089
                                                               (312) 368-4000
                                                               Email: chad.shifrin@dlapiper.com
                                                               *ATTORNEY TO BE NOTICED*

                                                               **Monica L. Thompson**
                                                               TottisLaw
                                                               One East Wacker Drive
                                                               Suite 1205
                                                               Chicago, IL 60601
                                                               (312) 527-1449
                                                               Email: mthompson@tottislaw.com
                                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**Experian Information Solutions, Inc.**       represented by    **John Matthew Wright**
                                                               1732 Dobson ST
                                                               Evanston, IL 60202
                                                               (312)420-6613
                                                               Email: John.Wright@Rotary.org
                                                               *LEAD ATTORNEY*
                                                               *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/25/2006 | 2 | CIVIL Cover Sheet. (mjc, ) (Entered: 05/26/2006) |
| 05/25/2006 | 3 | ATTORNEY Appearance for Plaintiff Darren Chaker by Christopher V. Langone. (mjc, ) (Entered: 05/26/2006) |
| 05/25/2006 | 4 | ATTORNEY Appearance for Plaintiff Darren Chaker by Mark T. Lavery. (mjc, ) (Entered: 05/26/2006) |
| 05/25/2006 | 6 | SUMMONS Issued as to Defendants Bank One Corporation, Equifax Information Services, LLC, Trans Union, LLC, Experian Information Solutions, Inc. (mjc, ) (Entered: 05/26/2006) |
| 05/29/2006 | 7 | SUMMONS Returned Executed by Darren Chaker as to Experian Information Solutions, Inc. on 5/26/2006, answer due 6/15/2006. (Langone, Christopher) (Entered: 05/29/2006) |

ht                    g   i                                                                                   /5

| 05/29/2006 | 8 | SUMMONS Returned Executed by Darren Chaker as to Bank One Corporation on 5/26/2006, answer due 6/15/2006. (Langone, Christopher) (Entered: 05/29/2006) |
| 05/29/2006 | 9 | SUMMONS Returned Executed by Darren Chaker as to Trans Union, LLC on 5/26/2006, answer due 6/15/2006. (Langone, Christopher) (Entered: 05/29/2006) |
| 05/30/2006 | 10 | MOTION by Plaintiff Darren Chaker to amend/correct *Complaint* (Langone, Christopher) (Entered: 05/30/2006) |
| 05/30/2006 | 11 | NOTICE of Motion by Christopher V. Langone for presentment of motion to amend/correct 10 before Honorable Blanche M. Manning on 6/6/2006 at 11:00 AM. (Langone, Christopher) (Entered: 05/30/2006) |
| 06/05/2006 | 12 | MINUTE entry before Judge Blanche M. Manning : Plaintiff's motion to refile complaint in order to redact 10 is granted. Amended complaint shall be filed by 6/15/06. Mailed notice (rth, ) (Entered: 06/05/2006) |
| 06/07/2006 | 13 | AMENDED complaint by Darren Chaker against all defendants (Langone, Christopher) (Entered: 06/07/2006) |
| 06/07/2006 | 14 | NOTICE by Darren Chaker re amended complaint 13 (Langone, Christopher) (Entered: 06/07/2006) |
| 06/09/2006 | 15 | ATTORNEY Appearance for Defendant Trans Union, LLC by Albert Edward Hartmann (Hartmann, Albert) (Entered: 06/09/2006) |
| 06/09/2006 | 16 | NOTICE of Affiliates pursuant to Local Rule 3.2 by Trans Union, LLC (Hartmann, Albert) (Entered: 06/09/2006) |
| 06/09/2006 | 17 | ATTORNEY Appearance for Defendant Trans Union, LLC by Monica L. Thompson (Thompson, Monica) (Entered: 06/09/2006) |
| 06/09/2006 | 18 | MOTION by Defendant Trans Union, LLC for extension of time to file answer *or otherwise plead in response to Plaintiff's Complaint* (Hartmann, Albert) (Entered: 06/09/2006) |
| 06/09/2006 | 19 | ATTORNEY Appearance for Defendant Trans Union, LLC by Chad Jay Shifrin (Shifrin, Chad) (Entered: 06/09/2006) |
| 06/09/2006 | 20 | NOTICE of Motion by Albert Edward Hartmann for presentment of motion for extension of time to file answer 18 before Honorable Blanche M. Manning on 6/22/2006 at 11:00 AM. (Hartmann, Albert) (Entered: 06/09/2006) |
| 06/14/2006 | 21 | ATTORNEY Appearance for Defendant Experian Information Solutions, Inc. by John Matthew Wright (Wright, John) (Entered: 06/14/2006) |
| 06/14/2006 | 22 | NOTICE of Affiliates pursuant to Local Rule 3.2 by Experian Information Solutions, Inc. (Wright, John) (Entered: 06/14/2006) |
| 06/14/2006 | 23 | MOTION by Defendant Experian Information Solutions, Inc. for extension of time to file answer *or otherwise respond* (Wright, John) (Entered: 06/14/2006) |
| 06/14/2006 | 24 | NOTICE of Motion by John Matthew Wright for presentment of motion for extension of time to file answer 23 before Honorable Blanche M. Manning on 6/22/2006 at 11:00 AM. (Wright, John) (Entered: 06/14/2006) |
| 06/15/2006 | 25 | ATTORNEY Appearance for Defendant Bank One Corporation by Dabeer M. Roshanali (Roshanali, Dabeer) (Entered: 06/15/2006) |
| 06/15/2006 | 26 | NOTICE of Affiliates pursuant to Local Rule 3.2 by Bank One Corporation (Roshanali, Dabeer) (Entered: 06/15/2006) |

| 06/15/2006 | 27 | ANSWER to Complaint by Bank One Corporation(Roshanali, Dabeer) (Entered: 06/15/2006) |
|---|---|---|
| 06/15/2006 | 28 | NOTICE by Bank One Corporation re answer to complaint 27 (Roshanali, Dabeer) (Entered: 06/15/2006) |
| 06/21/2006 | 29 | MINUTE entry before Judge Blanche M. Manning : Defendants' motions for extension of time to answer or otherwise plead 18 23 are granted. Status hearing set for 7/18/2006 at 11:00 AM. Mailed notice (rth, ) (Entered: 06/21/2006) |
| 06/30/2006 | 30 | MOTION by Plaintiff Darren Chaker to seal *Complaint* (Langone, Christopher) (Entered: 06/30/2006) |
| 06/30/2006 | 31 | NOTICE of Motion by Christopher V. Langone for presentment of motion to seal 30 before Honorable Blanche M. Manning on 7/6/2006 at 11:00 AM. (Langone, Christopher) (Entered: 06/30/2006) |
| 07/06/2006 | 32 | MINUTE entry before Judge Blanche M. Manning : Plaintiff's motion to seal the original complaint filed on 5/25/06 30 is granted. Mailed notice (mjc, ) (Entered: 07/11/2006) |
| 07/12/2006 | 33 | *TRANS UNION LLC'S* ANSWER to amended complaint *AFFIRMATIVE DEFENSES* by Trans Union, LLC(Hartmann, Albert) (Entered: 07/12/2006) |
| 07/14/2006 | 34 | ANSWER to amended complaint *and Affirmative Defenses* by Experian Information Solutions, Inc.(Wright, John) (Entered: 07/14/2006) |
| 07/18/2006 | 35 | MINUTE entry before Judge Blanche M. Manning : Status hearing held on 7/18/2006. Status hearing set for 8/3/2006 at 11:00 AM. Mailed notice (rth, ) (Entered: 07/20/2006) |
| 07/19/2006 | 36 | WAIVER OF SERVICE returned executed as to Equifax Information Services, LLC. waiver sent on 6/9/2006, answer due 8/8/2006. (kmt, ) (Entered: 07/21/2006) |
| 07/28/2006 | 37 | ATTORNEY Appearance for Defendant Equifax Information Services, LLC by Erin Kelly Smith (Smith, Erin) (Entered: 07/28/2006) |
| 07/28/2006 | 38 | NOTICE of Affiliates pursuant to Local Rule 3.2 by Equifax Information Services, LLC (Smith, Erin) (Entered: 07/28/2006) |
| 07/28/2006 | 39 | ANSWER to Complaint by Equifax Information Services, LLC(Smith, Erin) (Entered: 07/28/2006) |
| 08/03/2006 | 40 | MINUTE entry before Judge Blanche M. Manning : Status hearing held on 8/3/2006. Status hearing set for 10/24/2006 at 11:00 AM. Parties to make 26(a) disclosures by 8/14/06, and conduct 26(f) conference by 9/1/06. Mailed notice (rth, ) (Entered: 08/04/2006) |
| 08/04/2006 | 42 | EXECUTIVE COMMITTEE ORDER:Case referred to Magistrate Judge Jeffrey Cole for discovery supervision, settlement conference and all nondispositive pretrial motions. Signed by Judge Executive Committee on 8/4/06. (mjc, ) (Entered: 08/10/2006) |
| 08/07/2006 | 41 | MINUTE entry before Judge Jeffrey Cole: Initial status hearing set for 8/17/2006 at 8:30 A.M. before Magistrate Judge Cole in Courtroom 1838. All parties are directed to refer to Judge Cole's "Initial Joint Status Report Procedures", found on "www.ilnd.uscourts.gov" and to comply with its directives before appearing at the status hearing. Mailed notice by judge's staff. (srb,) (Entered: 08/10/2006) |
| 08/11/2006 | 43 | MOTION by Plaintiff Darren Chaker to dismiss *voluntarily* (Lavery, Mark) (Entered: 08/11/2006) |
| 08/11/2006 | 44 | NOTICE of Motion by Mark T. Lavery for presentment of motion to dismiss 43 before |

1/

| | | Honorable Blanche M. Manning on 8/15/2006 at 11:00 AM. (Lavery, Mark) (Entered: 08/11/2006) |
|---|---|---|
| 08/14/2006 | 45 | MINUTE entry before Judge Blanche M. Manning : Plaintiff's motion to voluntarily dismiss 43 is granted. This case is dismissed without prejudice. Status hearing stricken. Civil case terminated. Mailed notice (mjc, ) (Entered: 08/14/2006) |
| 08/14/2006 | 46 | MINUTE entry before Judge Jeffrey Cole : Pursuant to the order of 8/14/2006 granting the motion to voluntarily dismiss, all matters relating to the referral of this action being resolved, the case is returned to the assigned judge. Status hearing set for 8/17/2006 is stricken. Terminating case referral. Judge Jeffrey Cole no longer referred to the case. Mailed notice (mjc, ) (Entered: 08/23/2006) |
| 10/17/2012 | 47 | MOTION by plaintiff Darren Chaker to seal partial record. (mjc, ) (Entered: 10/19/2012) |
| 10/22/2012 | 48 | MINUTE entry before Honorable Blanche M. Manning: MOTION by Plaintiff Darren Chaker to seal partial record 47 is granted. The clerk is directed to redact the account number on Page ID#36, which appears in the "re" line of that document under Mr. Chaker's name as well as in line two of the first paragraph.Mailed notice (mjc, ) (Entered: 10/23/2012) |
| 05/26/2021 | 51 | EXECUTIVE COMMITTEE ORDER: Case reassigned to the Honorable Franklin U. Valderrama for all further proceedings. Honorable Blanche M. Manning no longer assigned to the case.. Signed by Executive Committee on 5/26/21.(gcy, ) (Entered: 05/26/2021) |
| 08/10/2021 | 52 | SEALED MOTION by Plaintiff Darren Chaker to file under seal. (lma, ) (Entered: 08/10/2021) |
| 08/10/2021 | 53 | SEALED DOCUMENT by Plaintiff Darren Chaker (lma, ) (Entered: 08/10/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| | ███████████ | |
| **PACER Login:** | ██████████ | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:06-cv-02932 |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JOHN DOE,

        Plaintiff,

    v.

Bank One Corporation; Equifax
Information Services, LLC; Trans
Union, LLC; Experian Information
Solutions, Inc.,

        Defendant.

No.  06-cv-02932
Judge Franklin U. Valderrama

### ORDER

Before the Court are Plaintiff John Doe's (1) motions to seal (R. 49, R. 52, R. 54[1]); (2) motion to seal the Court record or alternatively replace Plaintiff's name in the caption and direct the Clerk to redact all identifying characteristics from the docket (Motion to Seal Court Record) (R. 50, Mot. Seal Record); (3) supplemental motion in support of ex parte motion to seal records (Supplemental Motion) (R. 53, Suppl. Mot.)[2]; and (4) supplemental memorandum of points and authorities in support of ex parte motion to seal record (Supplemental Authority) (R. 55, Suppl. Auth.).

The Court grants Plaintiff's motions to file under seal (R. 49, R. 52, R. 54). Because the Court finds that Plaintiff has not sufficiently shown that the Court should seal the entire record, but that Plaintiff has shown good cause to redact his address and email address and replace his name with "John Doe" on the public docket, the Court grants his Motion to Seal Court Record (R. 50) in part and denies it in part.

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]Although the Supplemental Motion is titled as a motion, it was not filed as a motion on the docket; accordingly, the Court considers it simply as a supplement to the Motion to Seal Court Record rather than as an independent motion.

Exhibit B

## STATEMENT

### *Background*

Through his Motion to Seal Court Record and Supplemental Motion, Plaintiff seeks to seal the record and replace his name with "John Doe." Mot. Seal Record at 18. Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the Safe at Home Program) which allows crime victims to keep their names and identifying information confidential. *Id.* at 1, 3–4. In support, Plaintiff has attached proof of his participation in the Safe at Home Program, a letter confirming his California Department of Motor Vehicles (DMV) records have been suppressed due to being a participant in the program, and a photograph demonstrating the ongoing threats of physical violence he has received. Mot. Seal Record at 18 (declaration of Plaintiff that he is a participant in the Safe at Home program); *id.* at 20 (certificate of California Secretary of State); *id.* at 22 (DMV letter); Suppl. Mot. at Exh. N (photograph of threat received by Plaintiff on June 11, 2021); Exh. P (photograph of interview of Plaintiff following break-in at Plaintiff's home in 2017). Additionally, as part of his Supplemental Memorandum and Supplemental Authority, Plaintiff requests that the Court take judicial notice of several dozen other court decisions sealing or redacting his information. Suppl. Memo. at 4–6; Suppl. Auth. at 3 n.2. The Court grants the request and considers those orders. [3]

### *Court's Jurisdiction Over Plaintiff's Motions*

As a preliminary matter, because Plaintiff's case was voluntarily dismissed [43] and terminated [45] in 2006, the better course of action would have been for Plaintiff to move to vacate the dismissal order and reinstate the case. However, because the Court determines Plaintiff's substantive request to seal the Court record or alternatively replace his name, to be an "independent proceeding[] supplemental to the original proceeding and not a request for a modification of the original decree," the Court therefore retains jurisdiction to resolve it. *Nelson v. Chertoff*, 2010 WL 1856192, at *2 (N.D. Ill. May 10, 2010), *aff'd sub nom. Nelson v. Napolitano*, 657 F.3d 586, 588 (7th Cir. 2011) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

---

[3]The Court may take "judicial notice of matters which are so commonly known within the community as to be indisputable among reasonable men, or which are capable of certain verification through recourse to reliable authority." *McCray v. Hermen*, 2000 WL 684197, at *2 n.1 (N.D. Ill. May 23, 2000) (quoting *Green v. Warden, U.S. Penitentiary*, 699 F.2d 364, 369 (7th Cir. 1983)). "Included in these matters are 'proceedings in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.'" *Id.* (quoting same); *see also Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment.").

*Applicable Law*

Although Plaintiff asks this Court to apply California law, the case he cites does not support his position. Plaintiff relies on *Maldonado v. Sec'y of Calif. Dep't of Corr. & Rehab.*, 2007 WL 4249811, at *5 (E.D. Cal. Nov. 30, 2007), for the proposition that the Court should apply California law to seal his case. Mot. Seal Record at 16. However, *Maldonado* is distinguishable because it involved an ongoing case with mixed questions of state and federal law. *Maldonado*, 2007 WL 4249811, at *2. Here, however, Plaintiff's case has been closed for over fifteen years. *See* R. 45. Even when it was active, it involved only questions of federal and Illinois law, not California law. California law does not apply here, rather, this Court applies Seventh Circuit rules governing the use of pseudonyms and sealing cases.

*Sealing the Entire Case*

After reviewing the Motion to Seal Record, Supplemental Motion, and Supplemental Authority, the Court denies Plaintiff's request to seal the entire record, as have courts in several well-reasoned decisions of which Plaintiff requested that the Court take judicial notice. *See, e.g.*, *Doe v. L. Offs. of Winn & Sims*, 2021 WL 2662311, at *1 (S.D. Cal. June 29, 2021); *Doe v. Collectco, Inc.*, Docket No. 20, 2:06-cv-00244-JCM-DJA (D. Nev. July 27, 2021). A court should permit the sealing of documents only if there is good cause to do so, that is, the privacy interests of the movant outweigh the interests of the public in full transparency of the judiciary. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). The decision of whether good cause exists to file a document under seal rests with the Court. *See Id.* ("The determination of good cause cannot be eluded by allowing the parties to seal whatever they want, for then the interest in publicity will go unprotected unless the media are interested in the case and move to unseal."). Moreover, any order sealing documents should be "narrowly tailored" to serve those compelling reasons. *Rahman v. Chertoff*, 2007 WL 2892972, at *4 (N.D. Ill. Sept. 28, 2007) (citing *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994)); *see also In re Bank One Sec. Litig.*, 222 F.R.D. 582, 587 (N.D. Ill. 2004) ("The Seventh Circuit routinely discourages the sealing of entire pleadings and briefs.") (citing *Pepsico, Inc. v. Redmond*, 46 F.3d 29, 30 (7th Cir. 1995); *In re Krynicki*, 983 F.2d 74, 75 (7th Cir.1992)); *Marcial v. Rush Univ. Med. Ctr.*, 2018 WL 4144634, at *5 (N.D. Ill. Aug. 30, 2018) (denying motion to seal documents in their entirety when redactions could protect moving party's privacy interests); *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case ... must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.' " (second and third brackets in original) (citation omitted)). Here, sealing the entire record would be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, lawsuit against a bank and three credit

3

reporting services. *In re Bank One Sec. Litig.*, 222 F.R.D. 582, 585 (N.D. Ill. 2004); *see Zahran v. Trans Union Corp.*, 2002 WL 31010822, at *1 (N.D. Ill. Sept. 9, 2002).

### Proceeding via Pseudonym

The Court finds however, that Plaintiff has shown sufficient reasons to redact his personal information from the record. Under Federal Rule of Civil Procedure 10(a), the title of every "complaint must name all the parties," and a plaintiff's use of a fictitious name is contrary to the principle that "[j]udicial proceedings are supposed to be open . . . in order to enable the proceedings to be monitored by the public." *Doe v. City of Chicago*, 360 F.3d 667, 669 (7th Cir. 2004) (citations omitted). Therefore, "[t]he presumption that parties' identities are public information." *Id.* Nevertheless, the Seventh Circuit permits parties to proceed anonymously that presumption, as well as possible prejudice to the opposing party, "can be rebutted by showing that the harm to the plaintiff . . . exceeds the likely harm from concealment." *Id.* (citations omitted); *see also Doe v. Cook Cty., Illinois,* 2021 WL 2258313, at *3 (N.D. Ill. June 3, 2021). The use of a pseudonym may be appropriate where a party faces a "risk of serious bodily harm." *Reimann v. Hanley*, 2016 WL 5792679, at *5 (N.D. Ill. Oct. 4, 2016) (citing *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980); *M.M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998) (a plaintiff should be allowed to proceed anonymously only in exceptional cases, including those involving "real danger or physical harm")). The decision of whether to allow a party to remain anonymous a matter of the court's discretion. " *See HTG Cap. Partners, LLC v. Doe(s),* 2015 WL 5611333, at *8 (N.D. Ill. Sept. 22, 2015) (citing *K.F.P. v. Dane Cnty.*, 110 F.3d 516, 519 (7th Cir. 1997)).

Although the Safe at Home Program is not able to delete information that already exists in public records, it provides that "participants should request that confidential information on public records be replaced by their Safe at home designated mailing address." *See* Frequently Asked Questions, CALIFORNIA SECRETARY OF STATE, www.sos.ca.gov/registries/safe-home/frequently-asked-questions1 (last visited Jan. 11, 2022). As noted above, in *Doe v. L. Offs. of Winn & Sims*, 2021 WL 2662311, another case which Plaintiff requested to seal, the court found that Plaintiff had not provided sufficient reasons to seal his entire record. However, it found that his participation in the California Safe at Home Program was reason to remove his address from the record and replace his name with "John Doe." *Id.* (citing *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000)); *see also Doe v. Collectco, Inc.*, Docket No. 20 at 4–5, 2:06-cv-00244-JCM-DJA (same). The Southern District of California court and District of Nevada court both directed the Clerk of Court to replace Plaintiff's address on the docket with his Safe at Home address, replace certain documents with redacted versions, and to replace Plaintiff's name with "John Doe." Here too, the Court finds that Plaintiff has demonstrated that he is in real danger of physical harm if the Court denies his request to change his name on the case caption and redact his personally identifying

information, specifically his address and his email address. Plaintiff has provided evidence of his participation in the Safe at Home Program, of a threat, and of his connection with a criminal event. And through his motions, Plaintiff seeks to follow the recommendations of the Safe at Home Program, asking—in the alternative to sealing—for the Court to replace his name with "John Doe" and redact his addresses. Although Plaintiff has not provided sufficient reasons to seal the entire record, he has provided enough for the Court to replace his address on public documents with his Safe at Home address, to redact his name, address, and email, and to replace his name with "John Doe" on the public docket.

Therefore, for the foregoing reasons, the Court grants Plaintiff's Motion to Seal Court Record (R. [50]) in part and denies it in part. The clerk is directed to replace all references to Plaintiff's name with "John Doe" on the docket. Additionally, the clerk is directed to seal R. [47], as it includes Plaintiff's address. A redacted version of R. [47] is attached to this Order as Exhibit 1. If Plaintiff wishes for his name to be redacted from any other publicly filed documents, he must file a motion so requesting and attach to his motion redacted versions of each document he wishes to redact. If he chooses to do so, the Court reminds Plaintiff that only his personal identifying information (his name, address, and email address) may be redacted from any publicly filed document.

Date: January 31, 2022

United States District Judge
Franklin U. Valderrama

5

00-56984 Summary

If you view the [ Full Docket ] you will be charged for 1 Pages $0.10

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 00-56984 | **Docketed:** 11/30/2000 |
| **Nature of Suit:** 3530 Habeas Corpus | **Termed:** 03/30/2001 |
| Chaker v. San Diego Superior, et al | |
| **Appeal From:** U.S. District Court for Southern California, San Diego | |
| **Fee Status:** Due | |

**Case Type Information:**
  1) prisoner
  2) state
  3) habeas corpus

**Originating Court Information:**
  **District:** 0974-3 : CV-99-02260-BTM
  **Court Reporter:** LeeAnn Pence
  **Trial Judge:** Barry Ted Moskowitz, Senior District Judge
  **Date Filed:** 10/21/1999

| | |
|---|---|
| **Date Order/Judgment:** | **Date NOA Filed:** |
| 09/22/2000 | 11/03/2000 |

Exhibit C

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN DOE, | No.   00-56984 |
| Petitioner-Appellant, | D.C. No. CV-99-02260-BTM |
| | Southern District of California, |
| v. | San Diego |
| SUPERIOR COURT OF CALIFORNIA COUNTY OF SAN DIEGO; PEOPLE OF THE STATE OF CALIFORNIA, | ORDER |
| Respondents-Appellees. | |

Before:  Lisa B. Fitzgerald, Appellate Commissioner.

Appellant's motion (Docket Entry No. 15) to file under seal his supplemental motion to seal case records is granted.  The Clerk will maintain Docket Entry No. 15 under seal.

Appellant's motion for reconsideration (Docket Entry No. 16) is granted.

The Clerk will replace appellant's name with "John Doe" on the public docket and in Docket Entry Nos. 11 and 13.  The Clerk will also remove appellant's mailing address from the public docket.  The Clerk will seal the remaining electronic docket entries (Docket Entry Nos. 12, 16).

Exhibit D

5/28/2021                     Chaker-Delnero v. Collectco (2:06-cv-00244), Nevada District Court



# Chaker-Delnero v. Collectco

**⊖ Dashboard**

---

**Nevada District Court**

| | |
|---|---|
| **Judge:** | James C Mahan |
| **Referred:** | George Foley, Jr |
| **Case #:** | 2:06-cv-00244 |
| **Nature of Suit** | 890 Other Statutes - Other Statutory Actions |
| **Cause** | 15:1692 Fair Debt Collection Act |
| **Case Filed:** | Feb 27, 2006 |
| **Terminated:** | Sep 18, 2006 |

---

| Docket | Parties | News |
|---|---|---|

---

Last checked: **never**                                         Update Parties ⟳

---

### Click "Update Parties" to update the party report.

---

**+ Navigation**                                               ⏰ Edit Alert

---

Docket last updated: **7 hours ago**   ⟳ Update Now

---

## Thursday, May 20, 2021

13 | notice | Clerks Notice Reassign Judge | Thu 05/20 8:46 AM |
CLERK'S NOTICE that this case is randomly reassigned to Judge James C. Mahan for all further proceedings. All further documents must bear the correct case number 2:06-cv-00244-JCM-GWF . (no image attached) (DKJ)

## Wednesday, May 19, 2021

12 | 📄 | ↪ | 5 pgs | motion | Motion Seal | Wed 05/19 8:45 AM |
MOTION to Seal by Plaintiff Darren Chaker-Delnero. (DRS) (DRS). (DRS).

Att: 1 💾 (5/19/2021) Motion,

Att: 2 💾 (5/19/2021) Proposed Order

## Exhibit E

Chaker-Delnero v. Collectco (2:06-cv-00244), Nevada District Court

Att: 3 🖳 (5/19/2021) 2nd Proposed Order

## Friday, October 19, 2012

| 11 | · | 🖳 ORDER Denying7 MOTION to Seal Partial Record. Signed by Judge Roger L. Hunt on 10/19/2012. (Copies have been distributed pursuant to the NEF - SLR) |

| 10 | · | 🖳 ORDER that Order8 granting Chakers Motion to Seal Partial Record and the redacted Complaint9 are hereby withdrawn. Signed by Magistrate Judge George Foley, Jr on 10/19/2012. (Copies have been distributed pursuant to the NEF - SLR) |

| 9 | · | 🖳 Withdrawn per 10 Order. (SLR) COMPLAINT Redacted with Jury Demand against Collecto, Inc., filed by Darren Chaker-Delnero. No changes to parties. Proof of service due by 2/16/2013. (SLR) Withdrawn on 10/19/2012 (SLR). |

| 8 | · | 🖳 Withdrawn per 10 Order. (SLR) ORDER Granting7 Motion to Seal1 Complaint. The Clerk of the Court shall re-file Chakers Complaint with the account number at page 3:8 properly redacted under FRCP 5.2. Signed by Magistrate Judge George Foley, Jr on 10/19/2012. (Copies have been distributed pursuant to the NEF - SLR) Withdrawn on 10/19/2012 (SLR). |

## Monday, October 15, 2012

| 7 | · | 🖳 MOTION to Seal Partial Record by Plaintiff Darren Chaker-Delnero. Motion ripe 10/15/2012. (SLR) |

## Monday, September 18, 2006

| 6 | · | 🖳 ORDER DISMISSING CASE. The parties stipulated that this action is dismissed with prejudice, each party to bear its own costs. Signed by Judge Roger L. Hunt on 9/18/06. (MAJ) |

## Thursday, September 14, 2006

| 5 | · | 🖳 STIPULATION of Dismissal with prejudice by Plaintiff Darren Chaker-Delnero. (Friedberg, Craig) |

## Tuesday, February 28, 2006

| 4 | · | 🖳 SUMMONS Issued as to Collecto, Inc.. (GEW) |

## Monday, February 27, 2006

| 3 | · | 🖳 CERTIFICATE of Interested Parties by Plaintiff Darren Chaker-Delnero. (Friedberg, Craig) |

| 2 | · | 🖳 PROPOSED SUMMONS to be issued to Defendant Collecto, Inc. , filed by Plaintiff Darren Chaker-Delnero. (Friedberg, Craig) |

| 1 | · | 🖳 COMPLAINT against Collecto, Inc. (Filing fee $ 250 receipt number 127522), filed by Darren Chaker-Delnero. Certificate of Interested Parties due by 3/9/2006.(Friedberg, Craig) |

Att: 1 🖳 Civil Cover Sheet

Case assigned to Judge Roger L. Hunt and George W Foley, Jr. (GEW)

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JOHN DOE,[1]

          Plaintiff,

   v.

COLLECTCO, INC., dba COLLECTION
COMPANY OF AMERICA, et al.,

          Defendant.

Case No. 2:06-cv-00244-JCM-DJA

**ORDER**

     Before the Court is Plaintiff John Doe's motion to seal (ECF No. 12), motion to reopen case (ECF No. 15), motion to seal attaching a supplement (ECF No. 16), and two motions to seal attaching motions for judicial notice (ECF Nos. 17 and 19). Because the Court finds that Plaintiff has not sufficiently shown that the Court should seal the entire record, but that Plaintiff has shown good cause to redact his address and email address and replace his name with "John Doe," the Court grants his motions to seal (ECF Nos. 12, 15, and 16) in part and denies his motion to seal attaching his motions for judicial notice (ECF Nos. 17 and 19) as moot. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

     Through his motion to seal and reopen (ECF Nos. 12 and 15), Plaintiff seeks to reopen the case to seal the record and replace his name with "John Doe." Plaintiff explains that he is protected under California Code of Civil Procedure § 367.3 and California Government Code § 6205 (the "Safe at Home Program") which allows crime victims to keep their addresses confidential. Plaintiff supplemented his motion (ECF No. 16) a few months later and filed motions for judicial notice of other court decisions sealing or redacting his information (ECF No. 17 and 19).

---

[1] The Court replaces Plaintiff's name in the caption with John Doe.

Exhibit F

## II.    Standard.

Under Federal Rule of Civil Procedure 10(a), the title of every complaint must "include the names of all the parties," and a plaintiff's use of a fictitious name may "run[] afoul of the public's common law right of access to judicial proceedings." *Does I through XIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). Nevertheless, the Ninth Circuit permits parties to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. *Does I through XII*, 214 F.3d at 1068; *see United States v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007) ("We are cognizant 'that the identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity'"). The decision of whether to allow a party to remain anonymous is within this Court's discretion. *See Kamehameha Sch.*, 596 F.3d at 1042.

## III.    Discussion.

### A.    *Ninth Circuit authority applies to this case.*

Although Plaintiff asks this Court to apply California law, the case he cites does not support his position. Plaintiff uses *Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab*, for the proposition that this court should apply California law to seal his case. However, *Maldonado* is distinguishable because it involved an ongoing case with mixed questions of state and federal law. *See Maldonado v. Sec'y of Cal. Dept. of Corrs. and Rehab.*, No. 2:06-cv-0269-MCE/GGH, 2007 WL 4249811, at *5-6 (E.D. Cal. Nov. 30, 207). Here, however, Plaintiff's case has been closed for fifteen years. Even when it was active, it involved only questions of federal and Nevada law, not California law. California law does not apply here, rather, this Court applies Ninth Circuit rules governing the use of fictitious names and sealing cases.

### B.    *The Court denies Plaintiff's motion to seal the entire case.*

To the extent that Plaintiff asks the Court to seal the entire case, the Court declines. Courts ask two questions to determine whether a qualified First Amendment right of public access applies

1    to a particular proceeding or document: (1) whether the place and process have historically been

2    open to the press and general public; and (2) whether public access plays a significant positive role

3    in the functioning of the particular process in question. *United States v. Doe*, 870 F.3d 991, 997

4    (9th Cir. 2017). Even when this test is satisfied, however, the public's First Amendment right of

5    access establishes only a strong presumption of openness, and "the public still can be denied access

6    if closure 'is necessitated by a compelling government interest, and is narrowly tailored to serve

7    that interest." *Id.* (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1211 n.1 (9th Cir.

8    1989)).

9         *United States v. Doe* stands for the proposition that sealing docket entries requires a

10   connection between the threat and the docket entries. *Doe*, 870 F.3d at 998-1001. There, a criminal

11   defendant moved to seal docket entries that showed that he had provided the government

12   information about an international drug cartel in exchange for a lowered sentence. *Doe*, 870 F.3d

13   at 994. Although the defendant had not received specific threats to him or his family, the Ninth

14   Circuit found that sealing was necessary because: (1) the risks to Doe and his family were extreme

15   due to the amount of information Doe had provided, the wealth of the international cartel with

16   which he dealt, and the fact that inmates are routinely required to produce dockets and case

17   documents to prove they didn't cooperate; (2) the government had an interest in preserving its

18   ongoing investigation; and (3) there were no adequate alternatives to closure because redacted

19   docket entries would immediately look different than those in non-cooperators cases, readily

20   signaling Doe's cooperation. *See id.* at 998-1001

21        Here, Plaintiff does not overcome the First Amendment right of public access to the case

22   docket. Under the Ninth Circuit test: (1) court's dockets have historically been open to the press

23   and general public; and (2) public access plays a positive role in the function of preserving case

24   records. Plaintiff does not overcome this right because the remedy of sealing the entire docket is

25   not narrowly tailored to achieving the goal of protecting information covered by the Safe at Home

26   Program.

27        Plaintiff has also not sufficiently connected the threats he has received to the docket to seal

28   the entire record. Even more so than the criminal defendant in *Doe*, who sought only to seal certain

1    entries, here Plaintiff asks the entire case to be sealed. However, less than the criminal defendant

2    in *Doe*—who had verified involvement with an international drug cartel—Plaintiff speculates that

3    a criminal enterprise is the source of threats against him. The docket also contains very few

4    references to Plaintiff's address or email. On balance, however, Plaintiff has provided evidence of

5    a serious threat. Under the *Doe* factors: (1) Plaintiff has alleged that the risks are extreme but has

6    not directly connected them with the docket like the defendant in *Doe* who could show that the

7    docket would form the basis for others to threaten him and his family; (2) the California government

8    has shown an interest in protecting its citizens through the Safe at Home Program; and (3) there are

9    adequate alternatives to sealing the entire record. Although the second factor weighs in Plaintiff's

10   favor, the first and second weigh in favor of a narrower remedy. The Court thus denies Plaintiff's

11   motion insofar as it asks for his entire case to be sealed.

12       **C.      The Court grants Plaintiff's motion to redact his personal information.**

13       Plaintiff has shown sufficient reasons to redact his personal information from the record.

14   While the Safe at Home Program is not able to delete information that already exists in public

15   records, it does provide that "participants should request that confidential information on public

16   records be replaced by their Safe at home designated mailing address." *See Frequently Asked*

17   *Questions*, CALIFORNIA SECRETARY OF STATE, https://www.sos.ca.gov/registries/safe-

18   home/frequently-asked-questions1. (last visited Jul. 20, 2021). In *Doe v. Law Offices of Winn and*

19   *Sims et al.*—another case which Plaintiff requested to seal—the Southern District of California

20   found that, although Plaintiff had not provided sufficient reasons to seal his entire record, his

21   participation in the California Safe at Home Program was reason to remove his address from the

22   record and replace his name with "John Doe." *See Doe v. Law Offices of Winn and Sims et al.*, No.

23   3:06-cv-00599-H-AJB, 2021 WL 2529617, at *1-2 (S.D. Cal. June 21, 2021); *see Doe v. Law*

24   *Offices of Winn and Sims et al.*, No. 3:06-cv-00599-H-AJB, (ECF No. 17) (S. D. Cal June 29, 2021).

25   The court declined Plaintiff's requests to seal the entire case but directed the Clerk of Court to

26   replace his address on the docket with his Safe at Home address, replace certain documents with

27   redacted versions, and to replace Plaintiff's name with "John Doe." *See id.*

28

1   　　　Here, the Court finds good reason to redact Plaintiff's address and email and replace his

2   name with "John Doe."  Plaintiff has provided evidence of his participation in the Safe at Home

3   Program, of a threat, and of his connection with a criminal event.  And through his motions, Plaintiff

4   seeks to follow the recommendations of the Safe at Home Program, asking—in the alternative to

5   sealing—for the Court to replace his name with "John Doe" and redact his addresses.  The Court

6   finds the Southern District of California's approach to Plaintiffs' similar requests persuasive,

7   although it does not find the need to take judicial notice of the cases Plaintiff submitted in his

8   motions to seal (ECF No. 17 and 19).  While Plaintiff has not provided sufficient reasons to seal

9   his entire record, he has provided enough for the Court to replace his address on the docket with

10  his Safe at Home address, to redact his address and email, and to replace his name with "John Doe."

11  　　　**IT IS THEREFORE ORDERED** that Plaintiff's motion to seal (ECF No. 12) as it relates

12  to ECF Nos. 12-1, 16, 17, and 19 is granted.  These items are to remain sealed.

13  　　　**IT IS FURTHER ORDERED** Plaintiff's motions to seal (ECF Nos. 12 and 16) are granted

14  in part.

15  　　　**IT IS FURTHER ORDERED** that Plaintiff's motion to seal, appending his notice for

16  judicial notice (ECF Nos. 17, 17-1, and 19) are denied as moot.

17  　　　**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to replace

18  Plaintiff's address on the docket with his Safe at Home address—P.O. Box 1679, Sacramento CA

19  95812[2]—and to replace ECF Nos. 7, 15, and 18 with redacted versions of those documents attached

20  to this Order as Exhibits A, B, and C, respectively.  The Clerk of Court is also directed to replace

21  Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available

22  documents to conceal his true name. Thereafter the Court directs the Clerk to re-close the case.

23  　　　DATED: July 27, 2021

24

25  　　　　　　　　　　　　　　　　　　　　　DANIEL J. ALBREGTS
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

26

27  _____

28  [2] This address appears in the Southern District of California's order granting Plaintiff's motion to
seal in part.  *See Law Offices of Winn and Sims et al.*, 2021 WL 2529617, at *1-2.

3/29/23, 7:02 AM                                    Gmail - Missing Motion

 Gmail                          Darren Chaker <darrenchaker@gmail.com>

## Missing Motion

**Aaron Blazevich-Gonzalez** <aaron_blazevichgonzalez@nvd.uscourts.gov>   Tue, Mar 7, 2023 at 7:48 AM
To: Darren Chaker <darrenchaker@gmail.com>

The documents you submitted were filed under seal and I am prohibited from discussing sealed documents, including with the filing party.

I will tell you, however, that all of the documents that were submitted on 2/22/22 have been filed in the 4 case numbers you've identified. Other than that, I can provide no further information. You may want to file a document in the case requesting the status.



**AARON BLAZEVICH-GONZALEZ**
Case Services Supervisor
U.S. District Court, District of Nevada - Las Vegas
(702) 464-5421
(he/him/his)

From: Darren Chaker <darrenchaker@gmail.com>
Sent: Monday, March 6, 2023 12:26 PM
To: Aaron Blazevich-Gonzalez <aaron_blazevichgonzalez@nvd.uscourts.gov>
Subject: Missing Motion

**CAUTION - EXTERNAL:**

Good afternoon,

As indicated in the attached email sent to you while on vacation last year, four different motions were mailed to the court. One of them being a NOTICE OF OBJECTION TO A MAGISTRATE JUDGE'S ORDER 2:06-cv-00008-JAD-EJY and along with it would have been an Application to File Under Seal. I spoke to the Docket Clerk a few minutes ago, and it does not appear in the docket.

Would you kindly review your mail log or physical file and see where the motion went? As you know on two different occasions records which should not have been published as a public record were published disclosing sealed records in other cases and sensitive records. I believe this may be another instance of physical records not being handled properly.

Exhibit G

Gmail - Missing Motion

Thank you in advance.

_____

Darren Chaker

8549 Wilshire Blvd.

Unit #3169

Beverly Hills, CA 90211

Confidentiality Notice: This message, along with any attachments and/or replies thereto, are covered by the Electronic
Communications Privacy Act, 18 U.S.C. Sections 2510-2521, and may be legally privileged. The information contained in
this electronic e-mail and any accompanying attachment(s) is intended only for the use of the intended recipient and may
be confidential and/or privileged. If the reader of this message is not the intended recipient, you are hereby notified that
any dissemination, distribution, copying, or retransmission of this message is in violation of 18 U.S.C. 2511(1) of the
ECPA and is strictly prohibited. If you have received this communication in error, please immediately notify the sender by
return e-mail, and delete the original message and all copies from your system.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN DOE[1], | Case No.: 05-cv-1714-H-LSP |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S** ***EX PARTE*** **MOTION TO SEAL** |
| v. | |
| FELIPA R. RICHLAND; RICHLAND & ASSOCIATES; and NATHAN ENTERPRISES CORPORATION, doing business as Online Motors; | [Doc. No. 19.] |
| Defendants. | |

On August 9, 2021, Plaintiff John Doe ("Plaintiff") filed an ex parte motion to seal the case or, in the alternative, redact all his personal information from the record. (Doc. No. 15 at 21.) The Court recently dealt with a nearly identical motion made by Plaintiff in another case, Doe v. Law Offices of Winn & Sims, No. 06-CV-00599-H-AJB, 2021 WL 2662311 (S.D. Cal. June 29, 2021). There, the Court declined to seal the entire case but held that Plaintiff presented sufficient cause for the Court to allow him to proceed

---

[1]  The Court replaces Plaintiff's name in the caption with John Doe.

**Exhibit H**

1  anonymously.  Id. at *1.  A careful review of the record in this case reveals that the same

2  analysis applies here.  As a result, the Court denies Plaintiff's motion to seal the entire case

3  but grants Plaintiff's motion to redact his name from the record.  Consistent with this Order,

4  the Court directs the Clerk to replace Plaintiff's name with "John Doe" on the docket and

5  in all publicly and electronically available documents so as to conceal his true name.

6      **IT IS SO ORDERED.**

7  DATED: September 13, 2021

8  MARILYN L. HUFF, District Judge

9  UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

1  FELIPA R. RICHLAND, SBN 112458
   felipa@richlandlaw.net
2  **RICHLAND & ASSOCIATES**
   499 North Cañon Drive, 3rd Floor
3  Beverly Hills, California 90210
   (310) 887-7067- Telephone
4  (310) 887-7068 - Facsimile

5  Attorneys for Defendant
   NATHAN ENTERPRISES CORP.
6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10                        WESTERN DIVISION

11 DARREN D. CHAKER                )   CASE NO. CV05-7851 RSWL (PLAx)
                                    )
12                                  )
                                    )   **SATISFACTION OF JUDGMENT**
13                   Plaintiff,     )
                                    )
14                                  )
                                    )
15          -vs-                    )
                                    )
16                                  )
                                    )
17                                  )
                                    )
18 FELIPA  R.  RICHLAND,  RICHLAND  & )
   ASSOCIATES and NATHAN ENTERPRISES )
19 CORPORATION, *dba ONLINE MOTORS*, )
                                    )
20                                  )   ACTION FILED: 11/3/05
                   Defendants.      )
21 _____  )   ACTION CLOSED: 1/25/06

22

23        WHEREAS, a judgment was entered in the above action on April 5, 2007 and

24 amended May 3, 2007 in favor of  Defendants FELIPA R. RICHLAND, RICHLAND &

25 ASSOCIATES and NATHAN ENTERPRISES CORPORATION, *dba ONLINE MOTORS* and

26 against Plaintiff DARREN D. CHAKER in the amount of $45,500.37 plus interest from the

27 5th day of April 2007 and said judgment  having been fully paid, and it is certified that there

28 are no outstanding executions with any Sheriff or Marshall.

RICHLAND &
ASSOCIATES
ATTORNEYS AT LAW
BEVERLY HILLS

Exhibit I

1    THEREFORE, full and complete satisfaction of said judgment is hereby

2    acknowledged, and the Clerk of the Court is hereby authorized and directed to make an entry

3    of the full and complete satisfaction on the docket of the said judgment.

4

5    DATED:  April 27, 2011                    RICHLAND & ASSOCIATES

6

7

8                                              By: _____/s/_____
                                               Felipa R. Richland, Attorneys for Defendants
9                                              FELIPA R. RICHLAND, RICHLAND &
                                               ASSOCIATES  and  NATHAN
10                                             ENTERPRISES CORPORATION, *dba*
                                               *ONLINE MOTORS*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

RICHLAND &
ASSOCIATES     28
ATTORNEYS AT LAW
BEVERLY HILLS

3/29/23, 12:32 PM                                    USPS.com® - USPS Tracking® Results

# USPS Tracking®

FAQs >

Remove ✕

Tracking Number:

# 9114999944238454146921

Copy          Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered in or at the mailbox at 1:08 pm on March 20, 2023 in LAS VEGAS, NV 89101.

Get More Out of USPS Tracking:

USPS Tracking Plus®

Feedback

## Delivered
**Delivered, In/At Mailbox**
LAS VEGAS, NV 89101
March 20, 2023, 1:08 pm

**See All Tracking History**

---

**Text & Email Updates**                                    ⌄

---

**USPS Tracking Plus®**                                      ⌄

---

**Product Information**                                       ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

Exhibit J



UNITED STATES
POSTAL SERVICE ®

PRIORITY®
MAIL

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ▪ INSURED

Expected delivery date specified for domestic use.

Domestic shipments include $100 of insurance (restrictions apply).*

USPS Tracking® service included for domestic and many international destinations.

Limited international insurance.**

When used internationally, a customs declaration form is required.

*Insurance does not cover certain items. For details regarding claims exclusions see the Domestic Mail Manual at http://pe.usps.com.

**See International Mail Manual at http://pe.usps.com for availability and limitations of coverage.

EXPECTED DELIVERY DAY: 03/31/23

USPS TRACKING® #

9505 5130 1291 3088 9151 48



To schedule free Package Pickup,
scan the QR code.

USPS.COM/PICKUP

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 31 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

FROM:
Robert
Stidge 52098

XRAYED US MARSHALS SERV

U.S. District court
Clerk of the Court
Attn: Aaron Gonzalez
Case Services
Supervisor
333 S. Las Vegas Blvd
Las Vegas, NV
89101

This Packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.