UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DARREN D. CHAKER, | Case No. 2:22-cv-00348-JAD-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| FELIPA R. RICHLAND, et al., | |
| Defendants. | |

Before the Court is Darren Chaker's Application to File Under Seal (ECF No. 9).[1] The United States Supreme Court case law holds that there is a general right "to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978). Unless a particular court record is one that is traditionally kept secret, there is a strong presumption in favor of access to court records. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995), *citing Valley Broadcasting Co. v. U.S. District Court for the District of Nevada*, 798 F.2d 1289, 1293 (9th Cir. 1986). The party bringing a motion to seal must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). Compelling reasons sufficient to outweigh the public interest in access exist when information becomes the vehicle for improper purposes such as the use of records to gratify spite, promote public scandal, spread libelous statements, or reveal trade secrets. *Nixon*, 435 U.S. at 598. The presumption of access may be rebutted only on the basis of articulable facts known to the court, rather than on unsupported hypothesis or conjecture. *Hagestad*, 49 F.3d at 1434.

---

[1] This case commenced in October 2007 with a Registration of a Foreign Judgment against Mr. Chaker. ECF No. 1. From July 31, 2008, until January 10, 2022 there was no activity in the case. On January 10 and February 22, 2022, Mr. Chaker filed two Applications to File Documents Under Seal. ECF Nos. 3, 5. On May 2, 2022, the Court issued an Order striking Mr. Chaker's Applications to Seal as fugitive documents. ECF No. 7.

When the district court considers whether to seal a record, the court focuses on how strongly the record correlates to the merits of a case. *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016). If a party is attempting to seal a record that is directly related to the underlying cause of action, the party must establish a compelling reason to seal. *Id.* (internal citations omitted). In contrast, when the record at issue is unrelated or tangentially related to the underlying cause of action, the party may successfully seal a record upon showing good cause. *Id.*

Mr. Chaker moves to seal his Objection to the Court's May 2, 2022 Order (ECF No. 10), claiming he is a participant in a California social services program and that content in the Objection could endanger his safety in some unspecified way if not sealed. ECF No. 9 at 1-2. Mr. Chaker also requests the Court seal unspecified records, take judicial notice of various holdings of other courts, redact his name from the record, and apply Section 367.3 of the California Code to Mr. Chaker's request. *Id.* at 5-23. Mr. Chaker attaches orders from various courts; however, his name does not appear in all of these orders. *Id.* at 24-88. The relief granted ranges from the redaction of limited records to the sealing of an entire case. *Id.*

This Court is not bound by California law regarding public records to Court records; rather, the Court must abide by the jurisprudence of the Ninth Circuit related to the same. The Objection consists mainly of Mr. Chaker's legal argument that his participation in the California social services program entitles him to seal any personally identifying information contained in a lawsuit pending before this Court. The Court notes that, similar to another case in which Mr. Chaker asked the Court to seal information, the address listed for Mr. Chaker is a P.O. Box.[2] Further, Mr. Chaker was previously told he may use the P.O. Box address rather than his home address if he files things with the Court.[3] A review of the docket in this case reveals there is no unsealed information contained in any entry identifying Mr. Chaker's address.

The Court finds the requested relief unnecessary, considering the existing Order sealing any information containing Mr. Chaker's current address, prior instructions to Mr. Chaker concerning his allowed use of a P.O. Box as his current address for filing purposes, and the fact that the instant

---

[2] *See* Case No. 2:06-cv-00008-JAD-EJY, ECF No. 36.
[3] *Id.* at 4.

2

1  case is administratively closed.  ECF No. 7.  The Court finds Mr. Chaker fails to overcome his
2  burden established in *Kamakana*, and Mr. Chaker's Application to Seal is denied.  The Court
3  reminds Mr. Chaker that this matter is closed and any further filings are fugitive documents.

4      Accordingly, IT IS HEREBY ORDERED that the Application to File Under Seal (ECF No.
5  9) is DENIED.

6      Dated this 6th day of April, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3